Filing # 44306100 E-Filed 07/22/2016 11:52:54 AM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA.

CHRISTIAN TESTA, as Personal
Representative of the Estate of Paul Testa,
Deceased,

CASE NO.:
DIVISION:

                              Plaintiff,

v.

Sheriff MIKE WILLIAMS, individually and in his
Official Capacity, TARA WILDES, individually and
in her Official Capacity, and the JACKSONVILLE
SHERIFF'S OFFICE,

                              Defendants.

_____/

## COMPLAINT

Plaintiff, CHRISTIAN TESTA as Personal Representative of the Estate of Paul Testa, his

natural father, by and through the undersigned counsel, files this complaint against Defendants

MIKE WILLIAMS, TARA WILDES, and the JACKSONVILLE SHERIFFS OFFICE and

alleges:

### INTRODUCTION

1. This is an action for damages arising out of the death of Paul Testa, on December 26,

    2015. CHRISTIAN TESTA, as the Personal Representative of the Estate of Paul Testa,

    his natural father, brings this action on behalf of all potential beneficiaries and survivors

    of Paul Testa, and on behalf of the Estate, for damages as provided in 42 U.S.C. § 1983,

    the Florida Wrongful Death Statute, and other applicable state and federal law.

2. This is a civil action brought pursuant to 42 U.S.C. §§ 1983, 1988, and the law of the

    state of Florida, for injury resulting in death, contributed to by excessive physical force.

FILED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 07/25/2016 08:47:14 AM

This action arises from an incident occurring on December 21, 2015, at the John E. Goode Pre-trial Detention Center in Jacksonville, Florida. Paul Testa, while in the custody and control of the Defendants, was shot multiple times with a taser and subjected to restraint and excessive force, which caused him injuries, eventually resulting in his death. Plaintiff seeks damages against the governmental Defendant and individual Defendants for committing acts under color of state law which deprived the decedent of his federal constitutional civil rights. Plaintiff also invokes the court's jurisdiction pursuant to 28 U.S.C. § 1367, over state of Florida common law and statutory claims.

3. Plaintiff has complied with the notice provisions of all relevant Florida Statutes and municipal ordinances prior to the filing of this lawsuit. On January 14, 2016, Plaintiff served on Defendant JACKSONVILLE SHERIFF'S OFFICE, the notice required by Florida Statutes § 768.28, and the Jacksonville Municipal Ordinances. More than six (6) months have elapsed since this notice was provided.

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to Florida law, specifically, the Florida Wrongful Death Act. Additionally, Plaintiff invokes the Court's concurrent jurisdiction to hear claims arising under the United States Constitution brought pursuant to 42 U.S.C. §§ 1983 and 1988.

5. This cause of action arose out of acts and omissions occurring in Jacksonville, Duval County, Florida. Therefore, venue is proper in this Court.

## THE PARTIES

6. CHRISTIAN TESTA is a resident of Jacksonville, Duval County, Florida, is the natural son of Paul Testa, deceased, and is the Personal Representative of Paul Testa's Estate. CHRISTIAN TESTA'S date of birth is January 23, 1997.

7. Decedent Paul Testa was a resident of Jacksonville, Duval County, Florida. His death occurred in Jacksonville, Duval County, Florida. At the time of his death, Paul Testa was forty-four (44) years old.

8. Pursuant to the Florida Wrongful Death Act, the only known survivor of Paul Testa is CHRISTIAN TESTA, his natural son.

9. MIKE WILLIAMS was, at all times material, the duly elected Sheriff of Jacksonville, Duval County, Florida, and an adult citizen and resident of Jacksonville, Duval County, Florida. MIKE WILLIAMS, in his capacity as Sheriff, was responsible for the conduct of the employees and agents of the JACKSONVILLE SHERIFF'S OFFICE, including those employed at the John E. Goode Pre-trial Detention Facility.

10. TARA WILDES was, at all times material, Director of the Department of Corrections for the JACKSONVILLE SHERIFF'S OFFICE, and an adult citizen and resident of Jacksonville, Duval County, Florida. TARA WILDES, in her official capacity as Director, was responsible for the conduct of those employed at the John E. Goode Pre-trial Detention Facility. TARA WILDES was further responsible for the operation of the John E. Goode Pre-trial Detention Facility, and for establishing, implementing, and enforcing policies, procedures, and customs to regulate the conduct of the employees and agents at that Facility.

3

11. The JACKSONVILLE SHERIFF'S OFFICE is a political sub-division of Jacksonville, Duval County, Florida, and the State of Florida and, as such, is a state entity organized and existing under the laws of the state of Florida.

## FACTUAL BASIS FOR CLAIM

12. On or about December 21, 2015, Paul Testa was arrested by the JACKSONVILLE SHERIFF'S OFFICE and charged with trespass on property and criminal mischief ($200.00 or less). At the time of his arrest, and prior thereto, Paul Testa was behaving in an unusual fashion which indicated he suffered from mental distress or illness. He had been observed by a neighbor standing inside their fence and holding onto their gate. The police were called. When officers arrived, they found Paul Testa at his home. He showed signs of confusion and disorientation. He told them that he had wanted to see his father but admitted to them that his father had passed away some years before.

13. Paul Testa was taken into custody and transported to the John E. Goode Pre-trial Detention Facility. He was sent to medical clearance for evaluation. Melissa Peterson, an employee and/or agent of the JACKSONVILLE SHERIFF'S OFFICE interviewed and examined Paul Testa at approximately 5:47 AM and certified that he had no signs of altered mental status or any significant medical conditions, and recommended him for placement in the general population at the John E. Goode Pre-trial Detention Facility.

14. At approximately 8:14AM Paul Testa was escorted to the medical wing of the John E. Goode Pre-trial Detention Facility for a mental health screening. He had allegedly become combative with correction officers and was "dry tazed." Paul Testa was then observed shaking his head and wailing, as well as singing to himself. He stated that he heard his father's voice and that he was raised by "the angels in heaven." He reported a

4

history of being involuntarily placed in a mental health facility, and that he was diagnosed as schizophrenic, but denied taking medicine. At this time, Linda Lattimer acting as an employee and/or agent of the JACKSONVILLE SHERIFF'S OFFICE diagnosed Paul Testa as having unspecified schizophrenia and other psychotic disorder(s), and recommended that he be placed in the mental health lock down unit.

15. At approximately 2:59 PM Paul Testa appeared before the Honorable Lester Bass, Judge of the County Court, in the courtroom adjacent to the John E. Goode Pre-trial Detention Facility. He was found to have no prior arrest record. The State Attorney's Office dropped the charges against him for trespass and criminal mischief. The Judge signed an ex parte Order requiring Paul Testa to be transported to a mental health-receiving facility for an involuntary examination. Paul Testa replied that this was "OK." The order signed by Judge Bass directed that Paul Testa be taken to the Mental Health Resource Center on Beach Boulevard, in Jacksonville, Florida, "as soon as possible." He was escorted back to the John E. Goode Pre-trial Detention Facility.

16. Sometime prior to 3:41 PM, medical personnel were called to Paul Testa's cell where he was found lying in front of the cell on his right side. He was unresponsive. A corrections officer stated that he had been involved in a fight with an officer, and was tased while he was either in a restraint chair, or being placed in one. CPR was begun. An AED device was employed.

17. At 3:41 PM rescue was called. Rescue personnel from the Jacksonville Fire and Rescue Department made contact with Paul Testa at 3:47 PM. Jail staff told them that Paul Testa became combative with officers, and while officers were restraining him, he had become unresponsive. He had no pulse and his skin was cyanotic to the head, neck and upper

extremities. Resuscitation efforts commenced and, at 4:02 PM, a pulse returned. Paul

Testa was then transported to Shands Jacksonville Hospital.

18. At the hospital, Paul Testa was found to have suffered cardiac arrest following taser

injury. He was found to have pulseless electric activity and anoxic encephalopathy. While

in the hospital, employees and/or agents of the JACKSONVILLE SHERIFF'S OFFICE

restrained him to the bed with handcuffs despite the fact that he was essentially "brain

dead." He never regained consciousness, and on December 26, 2015, Paul Testa was

taken off of life support. He was declared dead at 11:04PM.

## COUNT UNDER 42 U.S.C. § 1983- DEPRIVATION OF CIVIL RIGHTS AGAINST MIKE WILLIAMS, TARA WILDES AND THE JACKSONVILLE SHERIFF'S OFFICE

19. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-18

herein.

20. The above described actions (as stated in the Factual Basis of Claim paragraphs above,

12-18) subjected Paul Testa to a deprivation of rights and privileges secured to him by

the Constitution and laws of the United States within the meaning of 42 U.S.C. § 1983.

Stated with more particularity, the above described actions violated Paul Testa's Fourth,

Fifth, and Fourteenth Amendment rights and privileges.

21. The physical force, restraint and repeated tasering of Paul Testa by employees and/or

agents of the JACKSONVILLE SHERIFF's OFFICE were reckless, malicious, and with

deliberate indifference, such that they were entirely unjustified under the circumstances

of this incident, and constituted an unreasonable and excessive use of force.

22. The above described actions involving Paul Testa were taken by employees and/or agents

of the JACKSONVILLE SHERIFF's OFFICE under color of state law. The laws

6

pertaining to freedom from the use of excessive and unreasonable force were clearly defined, established and well settled at the time of the actions taken by the defendants.

23. The JACKSONVILLE SHERIFF's OFFICE, by and through MIKE WILLIAMS and TARA WILDES, individually, and in their official capacity, acting under color of law, failed to adequately supervise, train and manage the employees and/or agents working for the JACKSONVILLE SHERIFF's OFFICE at the John E. Goode Pre-trial Detention Center, thereby causing foreseeable deprivation of Paul Testa's Constitutional rights.

24. The JACKSONVILLE SHERIFF's OFFICE, MIKE WILLIAMS and TARA WILDES, individually and in their official capacities, failed to establish a policy as to the proper use of the tasers in use as of December 21, 2015, contrary to established police procedures and accreditation requirements, and failed to establish policies, procedures, customs, and/or failed to implement policies, procedures, and customs related to the use of tasers on mentally-ill subjects. Such failures constitute deliberate or reckless indifference to safety, thereby causing the foreseeable deprivation of Paul Testa's Constitutional rights.

25. The JACKSONVILLE SHERIFF's OFFICE, MIKE WILLIAMS and TARA WILDES, individually and in their official capacities, failed to adequately investigate complaints of previous incidents of unjustified, unreasonable, and illegal use of force by employees/and or agents at the John E. Goode Pre-trial Detention Facility, thereby causing its employees and/or agents to believe such conduct was permissible, and thereby causing the foreseeable deprivation of Paul Testa's Constitutional rights.

26. The JACKSONVILLE SHERIFF's OFFICE, MIKE WILLIAMS and TARA WILDES, individually and in their official capacities, permitted, encouraged, tolerated and/or ratified a pattern and practice of unjustified, unreasonable, and illegal use of force by

7

employees/and or agents at the John E. Goode Pre-trial Detention Facility, in that the JACKSONVILLE SHERIFF's OFFICE failed to take adequate corrective action to discipline or prosecute known instances of wrongful and excessive use of force by its officers, thereby causing the foreseeable deprivation of Paul Testa's Constitutional rights.

27. The JACKSONVILLE SHERIFF's OFFICE, MIKE WILLIAMS and TARA WILDES, individually and in their official capacities, failed to establish a system to review complaints of excessive use of force, by employees/and or agents at the John E. Goode Pre-trial Detention Facility, which would adequately and appropriately identify those employees and/or agents who use excessive force, and failed to properly and appropriately discipline, supervise, and/ or re-train such employees and/or agents, to the extent that it has become the de facto policy, procedure, and custom, to tolerate the use of excessive force by its employees and/or agents, thereby causing foreseeable deprivation of Paul Testa's Constitutional rights.

28. The JACKSONVILLE SHERIFF's OFFICE, MIKE WILLIAMS and TARA WILDES, individually and in their official capacities knew, or should have known in the exercise of reasonable care, of actual or potential dangers and risk of injury with respect to excessive and unreasonable use of force, involving deployment of taser weapons on mentally ill subjects, and failed to correct or prevent them, thereby causing foreseeable deprivation of Paul Testa's Constitutional rights.

29. The acts and omissions of The JACKSONVILLE SHERIFF's OFFICE, MIKE WILLIAMS and TARA WILDES, individually and in their official capacities, constitute unlawful police or detention facility practices.

8

30. As a direct and proximate result of the acts and omissions of the Defendants, the five-foot-nine (5' 9"), one hundred and forty-five pound (145 lb.), Paul Testa was subjected to enormous physical force from the employees of the JACKSONVILLE SHERIFF'S OFFICE, along with multiple tazings, that caused or contributed to cause his cardiac arrest, and ultimately his death.

31. As a direct and proximate result of the acts and omissions of the Defendants, the Estate of Paul Testa has incurred medical and funeral expense, loss of earnings, and loss of prospective net accumulations.

32. As a direct and proximate result of the acts and omissions of the defendants, the survivors of Paul Testa have lost his support and services and have sustained mental pain and suffering. These losses are continuing and nature and will occur in the future.

33. Plaintiff, CHRISTIAN TESTA, is entitled to payment of his reasonable attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988.

## COUNT II
## ALTERNATIVE CLAIM AGAINST THE JACKSONVILLE SHERIFFS OFFICE FOR WRONGFUL DEATH UNDER STATE LAW

34. Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1-18 herein.

35. In the alternative, Plaintiff is entitled to relief against the JACKSONVILLE SHERIFF'S OFFICE under the Florida Wrongful Death Act.

36. At all times material, the JACKSONVILLE SHERIFF'S OFFICE owed a duty to inmates in the John E. Goode Pre-trial Detention Facility, including Paul Testa, to provide non-negligent care and correctional services to those in its custody and control and to avoid exposing them to unreasonable risks of injury, harm, or death.

9

37. The JACKSONVILLE SHERIFF'S OFFICE breached its duty of care to Paul Testa in one or more of the following respects:

   a. Failing to establish and implement reasonable and appropriate policies and procedures in place at the John E. Goode Pre-trial Correctional Facility governing the use of force, including the use of restraint chairs and tasers, against inmates, particularly those with mental illnesses;

   b. Failing to ensure that its employees and/or agents at the John E. Goode Pre-trial Detention Facility followed and adhered to existing policies and procedures governing the use of force, including the use of restraint chairs and tasers, against inmates, particularly those with mental illnesses;

   c. Failing to establish and implement reasonable and appropriate policies and procedures in place at the John E. Goode Pre-trial Correctional Facility for the evaluation, identification, treatment, placement, housing, and control of inmates with mental illnesses in such a way as to protect them from unreasonable risk of injury, harm, or death;

   d. Failing to establish and implement adequate training, instructing, and supervision of its employees and/or agents with regard to the appropriate interaction with inmates suffering from mental illnesses;

   e. Placing Paul Testa in the general jail population at the John E. Goode Pre-trial Correctional Facility when, it should reasonably have been known to its employees and/or agents that, he was suffering from mental illness and was not suited for such placement;

10

    f.  Failing to take Paul Testa to his court ordered mental health evaluation at the Mental Health Resource Center in a timely and appropriate fashion; and

    g.  Failing to provide Paul Testa appropriate medical care and treatment in a timely fashion.

38. As a direct and proximate result of the negligence of the JACKSONVILLE SHERIFF'S OFFICE as alleged herein, Paul Testa was subjected to enormous physical force from the employees of the JACKSONVILLE SHERIFF'S OFFICE, along with multiple tasings, that caused or contributed to cause his cardiac arrest, and ultimately his death.

39. As a direct and proximate result of the negligence of the JAKCSONVILLE SHERIFF'S OFFICE and the death of Paul Testa as alleged herein, the Estate of Paul Testa has incurred funeral and medical expenses, and suffered loss of earnings and loss of prospective net accumulations.

40. As a direct and proximate result of the negligence of the JACKSONVILLE SHERIFF'S OFFICE and the death of Paul Testa as alleged herein, the survivors of Paul Testa, namely CHRISTIAN TESTA, suffered the loss of his comfort, companionship, society and services, and has incurred mental pain and suffering. These losses are continuing in nature and he will reasonably experience them in the future.

**WHEREFORE,** Plaintiff, CHRISTIAN TESTA, prays for entry of judgment against MIKE WILLIAMS, TARA WILDES, and the JACKSONVILLE SHERIFF's OFFICE for damages as allowed under 42 U.S.C. § 1983, the Florida Wrongful Death Statute, and other applicable State and Federal law, together with attorney's fees, costs, and interests and demands a Trial by Jury on all issues.

## DEMAND FOR JURY TRIAL

Plaintiff, CHRISTIAN TESTA, hereby demands a trial by jury as to all issues. **Signed this \_\_\_ day of July, 2016.**

NICHOLS & PINA, LLLP

BY: _____

THEODORE S. PINA, JR.
FL Bar No.: 0095192
EUGENE B. NICHOLS
FL Bar. No.: 156078
300 West Adams Street, Suite 130
Jacksonville, Florida 32202
(904) 353-3300 (P) (904) 353-3315 (F)
Attorney for Plaintiff
ted@nicholsandpina.com
gene@nicholsandpina.com
stephanie@nicholsandpina.com

12