UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.:  3:16-cv-1179-J-39 JBT

CHRISTIAN TESTA, as Personal
Representative of the Estate of Paul Testa,
Deceased,

     Plaintiff,

vs.

THE CITY OF JACKSONVILLE,
E.L. HAYNES, individually and in his official capacity,
J.M. RHODEN, individually and in his official capacity,
F.D. CALHOUN, individually and in his official capacity,
G. BRIDGEMAN, individually and in his official capacity,
T.P. TAYLOR, individually and in his official capacity,
J.A. SIRVENT, individually and in his official capacity,
C.S. WINTERS, individually and in his official capacity,
J.L. BUCHANAN, individually and in his official capacity, and
C.A. NORTON, individually and in his official capacity,

     Defendants.
_____/

ANSWER AND DEFENSES OF THE CITY OF JACKSONVILLE,[1] AND DEFENDANTS E.L. HAYNES, INDIVIDUALLY, F.D. CALHOUN, INDIVIDUALLY, G. BRIDGEMAN, INDIVIDUALLY, T.P. TAYLOR, INDIVIDUALLY, J.A. SIRVENT, INDIVIDUALLY, C.S. WINTERS, INDIVIDUALLY, J.L. BUCHANAN, INDIVIDUALLY, AND C.A. NORTON, INDIVIDUALLY, TO PLAINTIFF'S SECOND AMENDED COMPLAINT
(DOC. 48)

     Defendants, the City of Jacksonville (the "City"), E.L. Haynes, individually, J.M. Rhoden, individually, F.D. Calhoun, individually, G. Bridgeman, individually, T.P. Taylor, individually, J.A. Sirvent, individually, C.S. Winters, individually, J.L. Buchanan, individually,

---

[1] A suit against a public official in his official capacity is treated as a suit against the local government entity he represents; in this case, the City of Jacksonville. *See Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099 (1985); *Owens v. Fulton County*, 877 F.2d 947, 951 n. 5 (11th Cir. 1989). Plaintiff's naming of nine (9) City employee-defendants in their "official capacities" (*passim*), as defendants is both redundant and improper and this answer on behalf City of Jacksonville shall serve in answer to all official capacity claims asserted.

and C.A. Norton, individually,[2] hereby respond to the correspondingly numbered paragraphs of the Second Amended Complaint (Doc. 48) and defend same, as follows:

1. Admitted for jurisdictional purposes only. Otherwise denied.

2. Admitted for jurisdictional purposes only. Otherwise denied..

3. Admitted

4. Admitted for jurisdictional purposes only. Otherwise denied.

5. Admitted for venue purposes only. Otherwise denied.

6. Without knowledge.

7. Admitted.

8. Without knowledge.

9. Admitted.

10. Admitted.

11. Admitted that the City of Jacksonville owes such duties as are imposed by law. Otherwise denied.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

---

[2] These listed individual defendants shall be referred to herein as the "Officer Defendants."

21.     Admitted that the Officer Defendants were acting in the course and scope of their employment at all times during the incident described in the Second Amended Complaint involving Testa.  Otherwise denied.

22.     Admitted as to date of arrest and charges.  The remaining allegations appear to be based on incident reports and related documents and, as such, are out of context and/or incomplete; therefore, they are denied as framed.

23.     Admitted that Testa was taken into custody and transported to the John E. Goode Pre-Trial Detention Facility.  The remaining allegations appear to be based on incident reports and related documents and, as such, are out of context and/or incomplete; therefore, they are denied as framed.

24.     Admitted that Testa underwent a mental health screening at the Pre-Trial Detention Facility.  The remaining allegations appear to be based on records and related documents, and, as such, are out of context and/or incomplete; therefore, they are denied as framed.

25.     Admitted that the corrections officers responded to a disturbance involving Testa.  The remaining allegations appear to be based on incident reports and related documents and, as such, are out of context and/or incomplete; therefore, they are denied as framed.

26.     Admitted that the Taser X-26 is a JSO-issued model of Conductive Electrical Weapon ("CEW").  Otherwise, denied.

27.     Denied.

28.     Denied.

29.     Admitted that a CEW used on Testa was subsequently found to be malfunctioning in that it did not record any data of its usage on Testa.  Otherwise denied.

30. Admitted that Testa was escorted to the medical wing of the jail where he was examined. The remaining allegations appear to be based on reports and other documents and, as such, are out of context and/or incomplete; therefore, they are denied as framed.

31. Admitted that Testa underwent a mental health screening. The remaining allegations appear to be based on reports and other documents and, as such, are out of context and/or incomplete; therefore, they are denied as framed.

32. Without knowledge.

33. Admitted that Testa appeared before Judge Bass on December 21, 2015. The remaining allegations appear to be based on records and other documents and, as such, are out of context and/or incomplete; therefore, they are denied as framed.

34. Denied. The statute speaks for itself.

35. Denied.

36. The allegations appear to be based on records and other documents and, as such, are out of context and/or incomplete; therefore, they are denied as framed.

37. The allegations appear to be based on records and other documents and, as such, are out of context and/or incomplete; therefore, they are denied as framed.

38. The allegations appear to be based on records and other documents and, as such, are out of context and/or incomplete; therefore, they are denied as framed.

39. The allegations appear to be based on records and other documents and, as such, are out of context and/or incomplete; therefore, they are denied as framed.

40. Admitted that a "signal 34" radio call was sent to respond to Testa's combativeness. The remaining allegations appear to be based on records and other documents and, as such, are out of context and/or incomplete; therefore, they are denied as framed.

41. Denied.

42. Denied.

43. Denied.

44. Admitted that Jacksonville Fire and Rescue was called to attend to Testa on the afternoon of December 21, 2015. The remaining allegations appear to be based on reports and other documents and, as such, are out of context and/or incomplete; therefore, they are denied as framed.

45. Admitted that Testa died on December 26, 2015, at UF Health-Jacksonville. The remaining allegations appear to be based on reports and other documents and, as such, are out of context and/or incomplete; therefore, they are denied as framed.

46. Denied.

47. Admitted that the Jacksonville Sheriff's Office investigated the incident pursuant to standard procedures. The remaining allegations appear to be based on reports and other documents and, as such, are out of context and/or incomplete; therefore, they are denied as framed.

48. Denied that Detective Meacham made any false statements. The remaining allegations appear to be based on reports and other documents and, as such, are out of context and/or incomplete; therefore, they are denied as framed.

49. The allegations appear to be based on reports and other documents and, as such, are out of context and/or incomplete; therefore, they are denied as framed.

50. The allegations appear to be based on reports and other documents and, as such, are out of context and/or incomplete; therefore, they are denied as framed.

51. Admitted that this incident was investigated in accordance with Florida law and Jacksonville Sheriff's Office procedures. Otherwise denied.

52. Admitted that this incident was investigated in accordance with Florida law and Jacksonville Sheriff's Office procedures. The remaining allegations appear to be based on reports and other documents and, as such, are out of context and/or incomplete; therefore, they are denied as framed.

53. Admitted that this incident was investigated in accordance with Florida law and Jacksonville Sheriff's Office procedures. The remaining allegations appear to be based on reports and other documents and, as such, are out of context and/or incomplete; therefore, they are denied as framed

54. The allegations appear to be based on reports and other documents and, as such, are out of context and/or incomplete; therefore, they are denied as framed.

55. The allegations appear to be based on reports and other documents and, as such, are out of context and/or incomplete; therefore, they are denied as framed.

56. Denied.

57. Denied.

58. Denied.

### COUNT I – 42 U.S.C. §1983 CLAIM AGAINST OFFICER DEFENDANTS

59. The Officer Defendants reallege their responses, if any, to paragraphs 1 through 58, as if set forth in full.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## COUNT II -- 42 U.S.C. §1983 CLAIM AGAINST CITY OF JACKSONVILLE

68. The City realleges its responses, if any, to paragraphs 1 through 67, as if set forth in full.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

## COUNT III – STATE WRONGFUL DEATH CLAIM AGAINST CITY OF JACKSONVILLE

86. The City realleges its responses, if any, to paragraphs 1 through 85, as if set forth in full.

87. This paragraph is a statement of law, not an allegation of fact; therefore, denied.

88. Admitted that the City owes such duties as are imposed by law. Otherwise denied.

89. Admitted that the City owes such duties as are imposed by law. Otherwise denied.

90. Sub-paragraphs a. through g. are denied.

91. Denied.

92. Denied.

93. Denied.

## DEFENDANT CITY'S AFFIRMATIVE, SPECIAL, AND/OR ALTERNATIVE DEFENSES

1. The Second Amended Complaint fails to state any claims against the City upon which relief can be granted.

2. The City alleges that no constitutional or federal statutory violations were committed by any officer, employee or agent of the City of Jacksonville during the events described in the Second Amended Complaint.

3. As to Count II, there are insufficient allegations in the Second Amended Complaint to show, and no evidence to support, the existence of any custom, policy, practice, or procedure adopted, followed or maintained by the City that deprived Plaintiff's decedent, through deliberate indifference or otherwise, of any constitutional or other federal right; or which was causally related to any unconstitutional conduct on the part of the City's officers, agents, or employees; or that was a legal or proximate cause of damage to Plaintiff.

4. The City is not liable, as a matter of law, for Plaintiff's claims brought pursuant to 42 U.S.C. § 1983, where the allegations seek to hold the City responsible based on vicarious liability or *respondeat superior*.

5. As to all counts against the City, the City, through its officers, agents and employees, acted reasonably, in good faith, consistent with customary and professional corrections practices, within the scope of applicable law at all times during the events alluded to in the Second Amended Complaint, and used only such force as was reasonably necessary in the course of the incident.

6. As to Count III, the City is immune from tort liability except to the extent it is waived in Section 768.28, Florida Statutes; moreover, under Florida law, no cause of action lies for negligent use of excessive force.

7. Further, as to Count III, Plaintiff's asserted damages are the result of criminal acts, negligence, or carelessness of Decedent Testa, and any such damages are thus barred or should be reduced by the doctrine of comparative negligence or operation of applicable law.

8. Plaintiff has received, may be entitled to receive, or may in the future receive, compensation from collateral sources for injuries and damages sustained and the City claims a setoff for said compensation, pursuant to Florida Statutes.

9. The City denies all paragraphs, including all subparts, and allegations in Plaintiff's Second Amended Complaint not herein specifically admitted or denied.

## OFFICER DEFENDANTS' AFFIRMATIVE, SPECIAL, AND/OR ALTERNATIVE DEFENSES

1. The Officer Defendants allege that the Second Amended Complaint fails to state any claims against them upon which relief can be granted.

2. At all times material to this action, the Officer Defendants were duly qualified, appointed, and acting correctional officers employed by the City of Jacksonville and peace officers of the State of Florida, and were engaged in the performance of their regularly assigned duties as correctional officers.

3. At all times material to this action, the Officer Defendants allege that they acted in good faith, without malice, and within their discretionary authority in an objectively reasonable manner, entertained an honest, reasonable belief that their actions were necessary and consistent with clearly established law, used only such force as was reasonably necessary in the course of the incident, and did not otherwise violate any of Decedent Testa's federal statutory or constitutional rights; thus, the Officer Defendants are entitled to qualified immunity.

4. The Officer Defendants adopt all defenses alleged by the City as may be applicable to the claims against them, and deny all paragraphs, including all subparts, and allegations in Plaintiff's Second Amended Complaint not herein specifically admitted or denied.

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL
CITY OF JACKSONVILLE**

/s/ *Gabriella Young*
**GABRIELLA YOUNG, ESQ.**
**Assistant General Counsel**
Florida Bar No.: 0183709
GCYoung@coj.net
**STEPHEN J. POWELL, ESQ.**
**Chief, Tort & Employment Litigation**
Florida Bar No.: 305881
SPowell@coj.net
117 West Duval Street, Suite 480
Jacksonville, FL 32202
Ph: (904) 630-1841
Fax: (904) 630-1316
Attorneys for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 4th day of October 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Theodore S. Pina, Jr., Esquire, and Eugene B. Nichols, Esquire, Nichols & Pina, LLLP, 300 West Adams Street, Suite 130, Jacksonville, Florida 32202, ted@nicholsandpina.com, gene@nicholsandpina.com, beth@nicholsandpina.com.   I further certify that I mailed the foregoing document and notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

/s/ *Gabriella Young*
**GABRIELLA YOUNG, ESQ.**