UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTIAN TESTA, as Personal
Representative of the Estate of Paul Testa,
Deceased,
    Plaintiff,

vs.                      Case No.: 3:16-cv-1179-J-39 JBT

THE CITY OF JACKSONVILLE,
E.L. HAYNES, individually and in his official capacity,
J.M. RHODEN, individually and in his official capacity,
F.D. CALHOUN, individually and in his official capacity,
G. BRIDGEMAN, individually and in his official capacity,
T.P. TAYLOR, individually and in his official capacity,
J.A. SIRVENT, individually and in his official capacity,
C.S. WINTERS, individually and in his official capacity,
J.L. BUCHANAN, individually and in his official capacity, and
C.A. NORTON, individually and in his official capacity,
    Defendants.
_____/

**PLAINTIFF'S UNNOPPOSED MOTION FOR LEAVE TO
AMEND TO NAME ADDITIONAL SURVIVOR
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 15 (a), hereby moves for entry of an Order allowing the filing of an Amended Complaint naming an additional survivor of the Decedent, Paul Testa, and as grounds state as follows:

1.    Paul Testa died December 26, 2015. His son, Christian Testa, was named Personal Representative of the Estate of Paul Testa. On July 22, 2016, Christian Testa filed a Complaint in State Court alleging claims pursuant to 42 USC 1983 and pursuant to the Florida Wrongful Death Act. The Complaint named the survivors of Paul Testa as Christian Testa, his son.

2.	Christian Testa's deposition was taken in May 29, 2018. Christian Testa testified that his father had another minor child, Pierce, who lived outside of Florida and that his father had financially supported that child. (Deposition of Christian Testa page 59). He testified that his father and Pierce's mother had been divorced. He did not testify as to whether Pierce was born in wedlock. It should be noted that Christian Testa was eighteen (18) years old at the time of his father's death. Pierce Testa was not originally named as a survivor because it was not known to Christian Testa the extent to which his father's paternity and support of Pierce Testa was legally established. Obtaining the relevant information from an eighteen (18) year old, who had little understanding of the dynamics between his father, his ex-wife, and Pierce, was difficult at best. This was made worse by the fact that the decedent had significant mental illness. Pierce's existence was disclosed in Plaintiff's first Answers to Interrogatories, and it was expressly stated that it was not known if he was a survivor within the definition of the Florida Statutes.

3.	<u>Section 768.18(1)</u>, Florida Statutes expressly authorizes survivor claims in a wrongful death action on behalf of a child born out of wedlock of the father. In so doing, the statute does not require that the Decedent be formally declared to be the father in a separate action under chapter 742, Florida Statutes, which sets forth procedures for formal determinations of paternity. <u>Section 768.18(1)</u> only requires that the Decedent be the biological father and that he has recognized a responsibility for the child's support.

4.	The Florida Wrongful Death Act, 768.16-768.26, requires that complaint for wrongful death identify all survivors of a Decedent. Plaintiff requests leave to amend the complaint in this action to add the name of Pierce Testa as an additional survivor of Paul Testa in compliance with the statute now that it has been established that Paul Testa recognized responsibility for Pierce's support.

5.      Pursuant to Rule 15(a), Fed. Rul. Civ. Pro., leave to amend "shall be freely given when justice so requires." The Legislature set forth the intent underlying the Florida Wrongful Death Act in Section 768.17, Florida Statutes. That provision states: "It is the public policy of this state to shift the losses resulting when wrongful death occurs from the survivors of the Decedent to the wrongdoer." Sections 768.16-768.26 are remedial and shall be liberally construed. Granting leave to amend is necessary in this instance to achieve the purpose of the statute. The losses in this matter should not be borne by the survivors of Paul Testa but should be shifted to the alleged wrongdoer.

6.      Where the scope of the proposed amendment is so narrow, it would be unjust to deny leave to amend. See Stone v. Hendryi, 2018 U.S. Dist. LEXIS 43353. The proposed amendment would cause no prejudice to the Defendant as the addition of one (1) minor survivor does not change any of the substantive issues already raised in the case and is not adding a new "party." See Walker v. Bozeman, 243 F. Supp. 2d 1298, 1300, 1305 (N.D. Fla. 2003) (noting that, "[u]nder Florida law, the Plaintiff in a wrongful death action is properly the personal representative, on behalf of the estate and survivors," and that "survivors are not technically parties to a wrongful death action"); Thompson v. Hodson, 825 So. 2d 941, 951 (Fla. Dist. Ct. App. 2002) (noting that the personal representative is the statutorily appointed party Plaintiff in a wrongful death case). Additionally, as indicated, Plaintiff raised this issue in his answers to discovery served in 2017, thus there is no surprise to Defendant.

7.      Furthermore, the amendment of a wrongful death action to add a claim for a survivor relates back to the original pleading. Handley v. Anciote Manor Foundation, 253 So.2d, 501 (Fla 2nd DCA 1971).

8.      The undersigned certifies that he has conferred with counsel for Defendants who has indicated that she does not oppose this Motion.

3

WHEREFORE, Plaintiff, Christian Testa respectfully requests leave to Amend the Complaint to identify Pierce Testa as a survivor for purposes of the Florida Wrongful Death Act.

Dated: June 12, 2018.

NICHOLS & PINA, LLL

By: /s/ *Theodore S. Pina, Jr.*
THEODORE S. PINA, JR.
FL Bar No.: 0095192
300 West Adams Street, Suite 130
Jacksonville, Florida 32202
(904) 353-3300 (P)
(904) 353-3315 (F)
Attorney for Plaintiff
ted@nicholsandpina.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Electronic Transmission to Gabriella Young, Asst. General Counsel and Stephen J. Powell; gcyoung@coj.net; spowell@coj.net;   117 West Duval Street, Suite 480, Jacksonville, Florida 32202, this 12th day of June, 2018.

/s/ *Theodore S. Pina, Jr*
ATTORNEY